**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**FIREMAN'S INSURANCE COMPANY
OF NEWARK, NEW JERSEY,**
            **Plaintiff,**

**v.**                                    **Civil Action No. 4:04cv139**

**DIANTHA HERBERT,**
**and**
**MARGARET HERBERT,**
            **Defendants.**


<u>**OPINION AND ORDER**</u>

        Presently before the court is plaintiff's Motion for Summary Judgment which is based on the failure of <u>pro se</u> defendants to respond to plaintiff's requests for admission.  On October 25, 2005, the date this matter was originally scheduled for trial, the court conducted a hearing at which both <u>pro se</u> defendants failed to appear.  However, rather than granting plaintiff's summary judgment motion at that time, the court deferred its ruling and, in an Order dated November 17, 2005, afforded both defendants fifteen additional days to respond to plaintiff's requests for admission–even though responses were nearly six months overdue.  For the reasons stated below, the court now **GRANTS** plaintiff's Motion for Summary Judgment, thereby terminating this matter in favor of the plaintiff.

**I. Factual and Procedural Background**

        Plaintiff, Fireman's Insurance Company of Newark, New Jersey, filed a complaint with this court on November 9, 2004, seeking a declaratory judgment against Diantha Herbert ("Diantha"), Diantha's ex-husband Anthony B. Chittum ("Anthony"), and Margaret Herbert

("Margaret").  The underlying controversy involves an injury sustained by Margaret on September 23, 2003.  Margaret's injury occurred at 10042 Skillman Lane, Glouster, Virginia, the former marital home of Diantha and Anthony.  Plaintiff's declaratory judgment action seeks to establish that plaintiff, who previously insured Diantha and Anthony's residence at 10042 Skillman Lane, was not responsible to defend nor indemnify Diantha in a personal injury lawsuit filed by Margaret against Diantha.  Although Diantha and Margaret both filed answers to plaintiff's complaint, Anthony, the third named defendant, failed to file an answer; as a result, the Clerk's Entry of Default with respect to Anthony was entered on March 17, 2005.

On April 19, 2005, plaintiff served requests for admission on both Diantha and Margaret. Under Rule 36 of the Federal Rules of Civil Procedure, requests for admission that are not answered within 30 days, or within an alternative time period set by the court, are deemed admitted.  See FED. R. CIV. PRO. 36.  As this court did not initially extend the deadline for defendants' responses, such responses were due 30 days later on May 19, 2005.  However, responses were never made; therefore, on August 22, 2005, more than three months after responses were due, plaintiff filed a Motion for Summary Judgment predicated on defendants' failure to respond.[1]  A letter in opposition of summary judgment was filed by Margaret on September 8, 2005; however, even though a Roseboro notice was included in the summary judgment motion, Diantha failed to file a response.

---

[1] The requests for admission focused on facts central to this dispute, namely, whether or not Diantha was a covered individual under the insurance policy issued by plaintiff.  The homeowner's insurance policy covering the residence at 10042 Skillman Lane had been modified shortly before Margaret's accident and Diantha's name was removed from the Policy.  Plaintiff's requests for admission, if deemed admitted, conclusively establish that Diantha was no longer a "resident of the household" and therefore, no longer a "covered person" under the policy.

2

During the hearing conducted on October 25, 2005, at which neither defendant was present, plaintiff argued that defendants' failure to respond to the requests for admission was cause for deeming the requests admitted, which in turn, was grounds for granting summary judgment in favor of plaintiff.  Although such a course was available to the court, the court declined to rule in such a manner.  See, e.g., In re Fisherman's Wharf Fillet, Inc., 83 F. Supp. 2d 651, 654 (E.D. Va. 1999) ("Pursuant to Federal Rule of Civil Procedure 36(a), the Court will deem the unanswered Request for Admissions true."); Gardner v. Borden, Inc., 110 F.R.D. 696, 697 (S.D.W. Va. 1986) (holding that it is "well settled" that "matters deemed to be admitted by a party's failure to respond to a request for admissions can form the basis for granting Summary Judgment") (citations omitted).  Rather, in an abundance of caution for the rights of the pro se defendants, this court's Order, dated November 17, 2005, granted the defendants an additional fifteen days to respond to plaintiff's requests.  See, e.g., United States v. Turk, 139 F.R.D. 615, 618 (D. Md. 1991) (granting the pro se defendant additional time to respond to requests for admission "in the interests of justice").

## II. Discussion

As repeatedly stated in this court's November 17, 2005 Order, if defendants failed to properly file responses to plaintiff's requests for admission within fifteen days the court would grant summary judgment in favor of plaintiff.[2]  Although this warning was carefully spelled out

---

[2] See Nov. 17, 2005 Order, p.1 ("[I]f defendants do not properly file their responses to plaintiff's requests for admission within fifteen (15) days from **the date of this order**, the court will not hesitate to declare the disputed statements admitted and grant summary judgment in favor of plaintiff.") (emphasis in original); see also Id. at p.7 ("Defendants are **WARNED** that if their responses are not properly filed with this court within fifteen (15) days **from the date of this order**, the court will not hesitate to declare the disputed statements admitted and grant plaintiff's Motion for Summary Judgment, thereby terminating this action in plaintiff's favor.") (emphasis in original).

by the court in its previous Order, as of the date of this Order, Margaret has failed to file a response with the court.  Therefore, the Requests for Admission served on Margaret Herbert are deemed admitted.  Based on these admissions, summary judgment in favor of the plaintiff is proper with respect to Margaret Herbert.

As to Diantha Herbert, a copy of the requests for admission directed to Diantha was received by this court on November 28, 2005.  The document received has responses filled in below the questions; however, nowhere in the document is there a signature verifying who filled in the responses or who filed the document.  Furthermore, the document did not include a certificate of service nor any other indication that a copy was mailed to counsel for the plaintiff.  The lack of signature is a violation of Federal Rule of Civil Procedure 11(a) which requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party."  Fed R. Civ. P. 11(a).  Likewise, although Rule 5(d) does not generally require that responses to requests for admission and an associated certificate of service be filed with the court, such filing is required once "they are used in the proceeding or **the court orders filing**."  Fed. R. Civ. P. 5(d) (emphasis added).  Furthermore, the lack of a signature and failure to attach a certificate of service not only violated the Federal Rules of Civil Procedure, but are also in direct violation of this court's explicit Order dated November 17, 2005.  Therefore, the requests sent to Diantha Herbert are also deemed admitted and summary judgment is proper with respect to Diantha Herbert.

Although the rules of Civil Procedure apply equally to pro se litigants as well as litigants with representation, this court does not expect a pro se litigant to perfectly comply with all

procedural rules.[3]  Likewise, although courts have held that a pleading filed without a signature constitutes a "technical defect and not a substantial violation of Rule 11," Hadlock v. Baechler, 136 F.R.D. 157, 159 (W.D. Ark. 1991), when a party fails to remedy that violation, dismissal is proper.  Id.; Fed R. Civ. P. 11(a); see also In re Bedell, 2002 WL 31953775, *2 (E.D. Va. 2002) (unpublished) (dismissing an action with prejudice after a pro se litigant was instructed to file a complaint with a signature and that party failed to follow the court's instruction).  Furthermore, when a pro se defendant litigates a matter "the trial judge is under no obligation to provide instruction to the pro se defendant on courtroom procedure or to perform any 'legal chores for the defendant that counsel would normally carry out.'" United States v. Frazier-El, 204 F.3d 553, 568 n.2 (4th Cir. 2000) (quoting Martinez v. Court of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 162 (2000); see also Bauer v. C.I.R., 97 F.3d 45, 49-50 (4th Cir. 1996) (holding that although trial courts are "encouraged" to treat procedural errors by pro se litigants "liberally," that "such tolerance does not extend to a litigants failure to appear" when the litigant had been repeatedly warned that failure to appear in court may result in dismissal).

Here, the court was lenient with the pro se litigants.  The court not only allowed them additional time to comply with procedural rules, but also included in its November 17, 2005 Order nearly a full typed page explaining to the defendants both the impact of their failure to file responses and exactly what was required to properly file a response.  Such instructions included not only the requirement that the responses to the requests for admission be signed, but that a

_____

[3] This court's lenience with regard to pro se litigants' lack of familiarity with the court's procedures and rules was already amply displayed in this matter as the court previously excused defendants' failure to respond to plaintiff's requests for admission, defendants' failure to appear in court on the date this matter was scheduled for trial, Margaret Herbert's failure to timely file with the court her answer to the complaint, and Diantha Herbert's failure to file a response to plaintiff's motion for summary judgment.

certificate of service also be included.  Specifically the court instructed:

> Defendants are **WARNED** that if their responses are not properly filed with this court within fifteen (15) days **from the date of this order**, the court will not hesitate to declare the disputed statements admitted and grant plaintiff's Motion for Summary Judgment, thereby terminating this action in plaintiff's favor. . . . Defendants are instructed that in order to properly file their responses, defendants must each individually send an **original copy** of their "Responses to Plaintiff's Requests for Admission" to the Clerk of the United States District Court. . . .  Such responses, prepared individually by each defendant, should include that defendant's signature at the bottom.  Each defendant is also required to mail **a copy** of their responses to opposing counsel.  Furthermore, each defendant must include with the **original document** mailed to the Clerk of Court, a statement which certifies to the court that the defendant has in fact mailed **a copy** of their responses to opposing counsel. [FN 6: Defendants will find an example of the required "Certificate of Service," on the final page of plaintiff's requests for admission.].

Nov. 17, 2005 Order (emphasis in original).  Because both defendants, after being repeatedly warned and provided ample instructions, failed to properly file responses to plaintiff's requests for admission, the requests are deemed admitted and summary judgment in favor of the plaintiff is granted.

### III. Conclusion

For the reasons explained above, the court **GRANTS** plaintiff's Motion for Summary Judgment, thereby terminating this matter in plaintiff's favor.  Margaret Herbert's failure to file responses to plaintiff's requests for admission, and Diantha Herbert's failure to file signed responses as well as a certificate of service after the court spelled out that both were required, result in the requests being deemed admitted.  Because such admissions conclusively establish dispositive facts in plaintiff's favor, summary judgment is proper at this time.

The pro se defendants may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within thirty

(30) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this order to the <u>pro se</u> defendants and to

counsel for the plaintiff.

**IT IS SO ORDERED.**

_____ /s/ _____

Jerome B. Friedman

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December  20  , 2005